# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 4, 2014

## STATE OF TENNESSEE v. TERRENCE WOODEN, also known as TERRENCE WOOTEN

### Appeal from the Criminal Court for Shelby County
### No. 11-04662     Lee V. Coffee, Judge

### No. W2014-00173-CCA-R3-CD  - Filed December 17, 2014

The defendant, Terrance Wooden, also known as Terrence Wooten, was convicted of the rape of the victim, who was confined to a wheelchair, and sentenced to confinement for twelve years at 100%.  On appeal, he argues that the evidence is insufficient to support the conviction.  Following our review, we affirm the judgment pursuant to Rule 20, Rules of the Court of Criminal Appeals.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Stephen C. Bush, District Public Defender; Harry E. Sayle, III (on appeal) and Mary Kathryn Kent and John Zastrow (at trial), Assistant Public Defenders, for the appellant, Terrence Wooden, also known as Terrence Wooten.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Amy P. Weirich, District Attorney General; and Eric Christensen and Lessie Lee Calhoun Rainey, Assistant District Attorneys General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The State presented five witnesses in the trial of this matter.  Officer Lee Potts, a sixteen-year veteran of the Memphis Police Department, testified that, on January 23, 2011, he responded to a criminal assault call at the Valley Forge Apartment Complex in Memphis where he spoke with the victim, who said she was paralyzed from the waist down and confined to a wheelchair.  She was "very upset" and said that the defendant, who was her

boyfriend, had raped her. She said they had been at the apartment alone, and he turned her onto her stomach on the bed, took off her clothes, pulled off her diaper, and penetrated her vaginally and anally. She kept telling him, "No, no, no," but he continued raping her.

The next witness, Judy Pinson, testified that she was a nurse-practitioner, employed at the Rape Crisis Center in Memphis. She said that the victim was treated at the center on January 23, 2011, and reported that she had been raped vaginally and anally.

The victim testified that she had been paralyzed from the waist down since 2007 as the result of a spinal cyst, which had burst. Since then, she had been confined to a wheelchair and unable to walk, and had to wear a diaper. She had "very minor" feeling below her waist. She said that she had posed as the defendant's girlfriend to help him "get rid of" a former girlfriend. She said that on the evening of January 23, 2001, the defendant followed her into the bedroom and said he wanted "sex," and she responded, "No." The defendant then took off her clothes and diaper and penetrated her vaginally and anally as she begged him to stop. Afterwards, she called the police and reported the rape.

Sergeant Melvin Amerson, Jr. testified that he was an investigator with the Sex Crimes Unit of the Memphis Police Department. The defendant admitted to Sergeant Amerson having vaginal and anal sexual relations with the victim. He said that he had not stopped when the victim had told him to do so. Following this testimony, the State rested its case, and the defendant then testified as the sole defense witness. He said that the victim had called him into the bedroom, that they had consensual sex, and that she never told him to stop. Regarding his statement to the police, the defendant said it was not his "exact words."

As we have said, the defendant's sole issue on appeal is that the evidence is insufficient to support the verdict.

When the sufficiency of the evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of

the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523 (1963)). "A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

The defendant was charged with violating Tennessee Code Annotated section 39-13-503, by sexually penetrating the victim by force and coercion. This case presented to the jury a classic "swearing match," with the victim and the defendant telling completely differing versions of the facts. The jury obviously believed the victim and not the defendant. The victim's version makes out all of the elements of rape.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE